UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE D. GRUBB,
    Plaintiff

vs

TERRY COLLINS, et. al.,

    Defendants

Case No. 1:09-cv-263

**ORDER AND REPORT
AND RECOMMENDATION**
Weber, J.
Hogan, M.J.

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 19), and Defendant's Memorandum in Opposition to the Motion for Default Judgment (Doc. 20). Also before the Court is Defendant Gene Weaver's Motion to Quash Service, or in the Alternative, Motion to Dismiss (Doc. 23). To date, Plaintiff has not filed a response to Defendant's motions.

Plaintiff filed this action pro se under 42 U.S.C. § 1983, alleging a violation of his constitutional rights. On August 26, 2009, Plaintiff was ordered to show cause why his Complaint should not be dismissed against Defendant Weaver for failure of service. (Doc. 9). Thereafter, Plaintiff requested, and was granted an extension of time in which to perfect service upon Defendant Weaver. (Docs. 11, 12). Service of the summons was executed upon Defendant Gene Weaver on November 19, 2009. (Doc. 17).

Defendant argues that, because Plaintiff has served the wrong "Gene Weaver," and has failed to perfect service upon such Defendant within the time limits set forth by this Court, Plaintiff's Motion for Default Judgment is without merit. Defendant further moves for an order quashing service of the summons and/or dismissing Plaintiff's Complaint against him for the same reasons.

Proper service of process is required in order for this Court to obtain in personam jurisdiction over each defendant. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). Plaintiff bears the burden of exercising due diligence in perfecting service of process and of showing that proper service has been made. *Habib v. General Motors Corp.*, 15 F.3d 72, 74-5 (6th Cir. 1994). *See also Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996). In the

absence of a showing of good cause justifying the failure to timely serve the complaint, the Court may either dismiss the complaint without prejudice or direct that service of process be effected within a specified time. See Fed. R. Civ. P. 4(m). Rule 4(m) provides, in pertinent part, as follows:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff requested an extension of time in which to "locate Defendant Nurse Gene Weaver" and to perfect service of process upon the Defendant and was granted up to and including October 19, 2009 in which to do so. (Doc. 12). On December 16, 2009, the Process Receipt and Returned was filed indicating that service of the summons was executed upon Defendant Gene Weaver on November 19, 2009. (Doc. 17). Thus, service of the summons and complaint was not made upon Defendant within the specified time. It is within the Court's discretion to dismiss the complaint or to allow service to be perfected within a specified period of time, regardless of whether the plaintiff has demonstrated good cause. *See Osborne v. First Union Nat'l Bank of Delaware*, 217 F.R.D. 405, 406 (S.D. Ohio 2003). However, because Plaintiff's service upon the wrong Defendant is not simply a matter of misnomer, as will be discussed below, we find that allowing additional time for service to be perfected would be futile. Nonetheless, we base our recommendation of dismissal, not upon the untimeliness of service upon Defendant, but rather, upon the insufficiency of such.

Plaintiff claims that Defendant was employed at Lebanon Correctional Institution (LeCI) as a nurse and that, while employed at LeCI, Defendant denied or failed to provide adequate medical care to Plaintiff. Defendant contends that he has been misidentified by Plaintiff. Defendant has submitted an affidavit attesting to the fact that he is not, and has never been, a nurse and has never been employed at LeCI. (Doc. 23, Ex. A, Affidavit of Gene I. Weaver, at ¶¶ 7, 8). Defendant further states that a license search with the Ohio Board of Nursing indicates that

2

there is no person by the name of "Gene Weaver" licensed as a registered nurse in the State of Ohio. (Id. at ¶ 9). However, a search for the name "Jean Weaver" reveals one such person licensed as a registered nurse in the State of Ohio. (Id. at ¶ 10; *see also* Ex. B). Plaintiff, in failing to file a response to Defendant's motion, has failed to carry his burden of showing that proper service has been made. *See Habib,* 15 F.3d at 74-5. Thus, the uncontroverted evidence indicates that Plaintiff has served the wrong Defendant and that service of process was therefore insufficient under Federal Rule of Civil Procedure 12(b)(5). For this reason, we find that Defendant's Motion to Dismiss (Doc. 23) is well taken and should be granted as to Defendant Gene Weaver. For the same reason, we find Plaintiff's Motion for Default Judgment (Doc. 19) to be without merit and recommend that said be denied. Lastly, in light of this Court's recommendation of dismissal, we find Defendant's Motion to Quash Service (Doc. 23) to be moot and deny it as such.

### IT IS THEREFORE RECOMMENDED THAT

1) Plaintiff's Motion for Default (Doc. 19) be DENIED
2) Defendant's Motion to Dismiss (Doc. 23) be GRANTED and Plaintiff's Complaint be DISMISSED WITH PREJUDICE as to Defendant Gene Weaver.

### IT IS FURTHER ORDERED THAT

1) Defendant's Motion to Quash Service (Doc. 23) be DENIED AS MOOT.

Date: 7/14/10

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\prisoner1983\grubb.mtd.wpd

4

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

George D Grubb # 485821
LOCI
PO Box 69
London, OH 43140

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☒ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7002 3150 0000 8389 8497

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

1:09cv263 (Doc. 24)